IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case 1:11-CR-600JRR |
| LOREN YOUNG PARK | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION AND ORDER

The court has before it Defendant's Motion for Early Termination of Supervised Release (ECF 337; the "Motion"). The court has considered the factors set forth in 18 U.S.C § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as set forth in 18 U.S.C. §3583(e). In order to thoroughly evaluate the identified factors, in addition to the papers submitted on the Motion, the court has closely examined Defendant's plea agreement at ECF 294, the Judgment and Statement of Reasons (ECF Nos. 307, 308), as well as the Amended Presentence Investigation Report at ECF No. 298.

Mr. Park pled guilty to conspiracy to commit bank fraud (in violation of 18 U.S.C. § 1349) in connection with, and through, Jade Capital and Investments, LLC. Through the entity, Defendant conspired to defraud banks through submission of false documents for purposes of, *inter alia*, securing loans, and to secure related loan brokerage fees. Defendant, and co-conspirators, together collected in excess of $91 million as a result of the conspiracy. Following his guilty plea, on May 24, 2019, Judge Catherine Blake sentenced Defendant to 108 months' incarceration followed by three years of supervised release. Defendant began his period of supervised release on October 3, 2023, having served just under two thirds of his imposed period of incarceration.

In the Motion, Defendant requests early termination of his supervised release based on what he contends are 330 unaccounted time credits. Defendant asserts he was "released from federal custody to home confinement on October 3, 2023 (due to the COVID pandemic)." As the Government makes clear, the Inmate History attached as Exhibit B to its response to the Motion shows Defendant was not released to home confinement on October 3, 2023; rather that was the date on which his supervised release began. Further, the court is not persuaded that the evidence presented supports Defendant's apparent contention that his release or prerelease custody was based on the pandemic.

Defendant has not demonstrated to the satisfaction of the court that his attached documents at Exhibit B demonstrate that he accrued excess time credits that were not correctly applied. Regardless, assuming without finding that Defendant amassed unapplied time credits as of his release date, he is not entitled to application of those credits to shorten his period of supervised release. *Valladares v. Rey,* 130 F.4th 74 (4th Cir. 2025); *United States v. Malik*, Case No. 24-7073, 2025 WL 973003 (4th Cir. Apr. 1, 2025).

Regarding Defendant's conduct that might warrant early termination, although Defendant makes oblique reference to his good conduct while incarcerated and since his release,[1] and overall compliance with release conditions, he fails to set forth any bases on which the court could reasonably engage in thoughtful application and consideration of the factors set forth in 18 U.S.C § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), (per 18 U.S.C. §3583(e)). Therefore, the court is not satisfied that early termination of supervised release is warranted by Defendant's conduct or the interests of justice.

---

[1] Defendant avers he completed an RDAP program, "secured stable employment," participates in community service to aid Korean elder citizens, and "established personal growth plans." (ECF 337 at p. 2.)

The Motion is **DENIED**.

Date: February 9, 2026

                                                  /S/
                                    Julie R. Rubin
                                    United States District Judge